**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANET MARIE SCHNEIDER, | No. 10-35544 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00613-KI |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted May 6, 2011[**]
Portland, Oregon

Before: TASHIMA, BEA, and IKUTA, Circuit Judges.

Janet Schneider appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of her application for supplemental

security income disability benefits under Title XVI of the Social Security Act. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

We must affirm the district court's affirmance of the ALJ's decision if the ALJ applied the correct legal standards and the decision is supported by substantial evidence. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

We conclude that the ALJ provided "clear and convincing reasons," supported by substantial evidence, for finding that Schneider's testimony regarding the intensity, persistence, and limiting effects of her medical symptoms was not "wholly credible." *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008). Schneider alleged severe exertional and postural limitations, including difficulty grasping objects, intense pain in her neck and shoulders, limited range of motion in her upper extremities, and cervical spine tenderness. However, the ALJ provided specific reasons for discrediting Schneider's statements about the extent of these symptoms. First, there is no mention in her treatment record of motor deficiencies, limited range of motion, difficulty standing or gripping, numbness, or other abnormal sensations. Second, Schneider admitted that she does household chores which require light exertion; she vacuums, washes dishes, washes the floor, gardens, shops, and does laundry. Finally, there is

2

evidence of drug-seeking behavior. Schneider admitted she became addicted to prescription narcotics, and hospital records show that, during hospital visits for migraines, Schneider appeared comfortable when a nurse was not in the room, but became tearful and complained of nausea and pain when a nurse *was* in the room.

Although the ALJ erred by failing to address Schneider's migraines at step four after finding them severe at stage two, *see* 20 C.F.R. § 416.929; *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), this error was harmless. Schneider presented no evidence that her migraines, for which she sought treatment in the emergency room sporadically but never requested medication from her primary care physician, would affect her functioning at work. Moreover, the ALJ made an adverse credibility determination about Schneider's reports of excess pain. As such, Schneider has not shown a "substantial likelihood of prejudice" requiring a remand. *McLeod v. Astrue*, 09-35190, slip op. 2195, 2207 (9th Cir. 2011) (as amended).

With regard to workplace stress and anxiety, Dr. Patrick testified that Schneider "was expected to have significant difficulties in maintaining normal social interactions," including in the workplace. But, the ALJ specifically included this limitation in the hypothetical the ALJ gave the VE to determine if there were jobs in the national economy which Schneider could perform. The hypothetical

3

claimant the ALJ described to the VE had both exertional and non-exertional impairments, "such as she would be limited to unskilled work *with no public contact and minimal social interactions with co-workers*."

Finally, the ALJ did not improperly reject Dr. Patrick's testimony. In fact, Schneider does not identify any portion of Dr. Patrick's testimony or psychodiagnostic evaluation which the ALJ actually rejected. Schneider claims the ALJ ignored Dr. Patrick's testimony because the ALJ did not explicitly include in the RFC, or in the hypothetical to the VE, Schneider's inability to interact with *supervisors*. But neither Dr. Patrick's testimony nor his evaluation included any mention of Schneider's inability to interact with her supervisors. Dr. Patrick testified generally about Schneider's "significant difficulties in terms of maintaining normal social interactions," and the ALJ reasonably translated that diagnosis into a hypothetical claimant "limited to unskilled work with no public contact and minimal social interactions with co-workers."

**AFFIRMED.**